```
                    ┌─────────────────────────┐
                    │     F I L E D           │
                    │  ┌──────────────────┐   │
                    │  │  JAN 3 0 2018    │   │
                    │  │      ╱ms         │   │
                    │  └──────────────────┘   │
                    │   U.S. DISTRICT COURT   │
                    │  DISTRICT OF DELAWARE   │
                    └─────────────────────────┘
```

AO 241                                                                    Page 2
(Rev. 12/04)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Delaware        18 - | 174 |
|---|---|---|

| Name (under which you were convicted): Earl Bradley | Docket or Case No.: 0912011155 |
|---|---|

| Place of Confinement: Cheshire Correctional Inst. 900 Highland Ave, Cheshire, CT 06410 | Prisoner No.: 00415266 |
|---|---|

| Petitioner (include the name under which you were convicted) Earl Bradley | v. | Respondent (authorized person having custody of petitioner) Delaware Attorney General |
|---|---|---|

| The Attorney General of the State of Delaware |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court in and for Sussex County
    Georgetown Delaware

    (b) Criminal docket or case number (if you know): No. 0912011155

2.  (a) Date of the judgment of conviction (if you know): June 23, 2011

    (b) Date of sentencing: August 26, 2011

3.  Length of sentence: fourteen life sentences plus one hundred and sixtyfive years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Rape in the First Degree, fourteen counts
    Sexual Exploitation of a child, five counts.
    Assault 2nd Degree, five counts

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐  Jury    ☑  Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐  Yes    ☑  No

8.  Did you appeal from the judgment of conviction?

☑  Yes    ☐  No

9.  If you did appeal, answer the following:

(a) Name of court: *Supreme Court of Delaware*

(b) Docket or case number (if you know): *No. 476, 2011*

(c) Result: *Judgement of Superior Court Affirmed (Appeal Denied)*

(d) Date of result (if you know): *September 26, 2012 (Decided 9/6/12)*

(e) Citation to the case (if you know): *Bradley v. State 51 A.3d 423,427 (Del. 2012)*

(f) Grounds raised: *GROUND ONE   DEFECTIVE SEARCH WARRANT warrant affidavit, within its 4 corners, did not allege facts establishing probable cause, did not provide the required nexi, and failed to particularly describe items or locations. GROUND TWO POLICE EXCEEDED SCOPE OF WARRANT IN A GENERAL SEARCH. This involved both locations and items to be seized.*

(g) Did you seek further review by a higher state court?      ☐  Yes    ☑  No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

✎AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: Superior Court in and for Sussex County

(2) Docket or case number (if you know): Docket # 92 in Superior Court

(3) Date of filing (if you know): February 27, 2013

(4) Nature of the proceeding: "Rule 61" Post-conviction Relief

(5) Grounds raised:

1) Erroneous State action deprived Bradley of his 6th Amendment right to choice of counsel

2) Trial and Appellate counsels provided ineffective assistance by allowing the courts' consideration of evidence outside the four corners of the search warrant.

3) Appellate counsel was ineffective by failing to move for reargument following the DE Supreme Court's misapprehension of a key fact

4) Trial and Appellate counsels provided ineffective assistance with regard to Detective Spillan's 4th Amendment violations.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: Relief Denied

(8) Date of result (if you know): June 5, 2015

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: The Superior Court of Delaware in and for Sussex County

(2) Docket or case number (if you know): Docket # 136

(3) Date of filing (if you know): March 9, 2016

(4) Nature of the proceeding: "Rule 61" motion for post-conviction Relief

(5) Grounds raised: 1) Post-conviction counsel was ineffective and continued to represent Bradley after dismissal. Professional conduct rules were violated. 2). Constructive denial of PCR counsel. Several issues of merit were not argued. Mr. Roop withdrew without notice and without replacement. 3) Bradley was deprived of right to self representation in PCR process. Motion for Justice Strine to declare "duty to sit" was ignored. 4). DE State Police acted under an institutional policy of unconstitutional computer searches. 5). Outbuilding mention under NAME block invalid under Groh v. Ramirez and Doe v. Groody. 6). Maryland v. Garrison was cited by the Judge and on-point but directives not followed. 7) Harmless error standard of Chapman v. California were violated 8) Fifth Amendment issues existed but were not argued by ineffective counsels. 9) Staleness issues were not effectively argued by counsel. 10). Franks, Reverse-Franks issues were not effectively argued by counsel. 11). Witness Six was key but misrepresented by affiant in affidavit and later testimony. 12). Witness Two was stale and unqualified 13) Detective Elliott's deception and perjury was ineffectively challenged by Counsels. 14) Photography was outside warrant's scope and unsupported by probable cause. 15) Denial of Speedy Trial. 16) Cumulative error. 17) Judicial bias. 18) Absent nexus 19) Constructive denial of Counsel 20) Denial Trial by jury 21). Confrontation Clause neglected 22) (Continued this page below)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Judgement of the Superior Court ~~Affirmed~~ (relief denied)

(8) Date of result (if you know): ~~Decided January 16, 2018~~ May 18, 2017

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(Note of clarification: A third petition was filed but subsumed by the Court under

(2) Docket or case number (if you know): the second petition.)

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

---

(b)(5) continued from above. 22) Certain Detective Spillan violations were tolerated by the DE Supreme Court in Bradley whereas on-point violations were unacceptable to the Court in Wheeler v. State. Unequal protection under the law is demonstrated an is ineffective assistance of counsel. 23). Superior court lost jurisdiction 24) Magistrate's role usurped by affiant (Detective Elliott) later usurped by court. Counsels were ineffective with regard to this issue!

AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:   ☒ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: ERRONEOUS STATE ACTION DEPRIVED BRADLEY OF HIS RIGHT TO CHOICE OF COUNSEL GUARANTEED UNDER THE 6TH AMENDMENT OF THE U.S. CONSTITUTION. THE COURTS' ADJUDICATION RESULTED IN A DECISION THAT WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY U.S. S.CT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The State filed a civil complaint resulting in the freezing of Bradley's assets which the State knew or had reason to know would result in Bradley no longer to be able to afford to have his choice of attorney, Eugene Maurer Jr. Esq., represent him. The civil complaint was at its inception and at all times thereafter unsubstantiated and erroneous. Mr. Maurer wrote to the court explaining the reason he could no longer represent Bradley privately pursuant to the asset freeze, offering instead to continue as state appointed counsel at a significantly reduced rate. The state civil complaint relied upon Arrest Warrants issued December 2009. The complaint alleged that Bradley violated state organized crime and racketeering statutes. Bradley's charges did not constitute the activity alleged by the state in its complaint. Bradley was never charged with racketeering. Bradley was denied a fact-finding hearing. Bradley was denied Mr. Maurer affidavit with respect to claim. The courts' decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Courts' reliance on Mr. Maurer's "limited purpose of a preliminary hearing" is rendered objectively false as evident by the much later letter of 3/4/10 to Judge Vaughn.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: 1) The State moved for a "stay of discovery in this racketeering case pending resolution of the criminal case," granted 4/30/10, not lifted until after conviction. 2) Bradley had no civil representation because of asset freeze and court denied appointment. 3) Appellate counsel was ineffective - entirely disregarding Bradley's input. 4) Because appointed counsel had a duty to zealously represent their client, they could not have asserted this claim because it would have potentially dislodged them or Mr. Bradley's attorneys.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  "Rule 61" motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:
The Superior Court of Delaware in and for Sussex County

Docket or case number (if you know):
Docket no. 92 in Superior Court, Criminal Case No. 0912011155
Date of the court's decision:
June 5, 2015
Result (attach a copy of the court's opinion or order, if available):
Motion for Post-conviction relief DENIED

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
The Supreme Court of the State of Delaware
55 The Green   Dover, Delaware 19901
Docket or case number (if you know):
No. 300, 2015
Date of the court's decision:
March 3, 2016
Result (attach a copy of the court's opinion or order, if available):
The judgement of the Superior Court is AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

GROUND TWO: TRIAL COUNSEL'S FAILURE TO CHALLENGE THE TRIAL COURT'S CONSIDERATION OF EVIDENCE OUTSIDE OF THE FOUR CORNERS OF THE SEARCH WARRANT CONSTITUTED INEFFECTIVE ASSISTANCE. BRADLEY'S CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND SIXTH AMENDMENT WERE VIOLATED. APPELLATE COUNSEL WAS ALSO INEFFECTIVE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): State Police listed BayBeer Pediatrics as the "place to be searched" and described it as "a two story residence style building, white in color, located at 18259 Coastal Highway, Lewes, DE 19958." No other buildings were described. State police officers were permitted to testify as to "what they meant" when drafting the warrant AFTER the search had been completed and evidence had been removed from a building not included within the search warrant. The police had expanded their search to three additional other buildings on the property. Information from outside the four corners was used to bolster probable cause to search an outbuilding and used to deny Bradley's motion to suppress. The court concluded: "based upon the manner the detective used to make his observation of the property this is the only outbuilding that one would be able to observe. Therefore, the court finds the warrant also authorized the police to search the outbuilding identified as Building B. Detective 's vantage point "manner" of observation neglected by necessity any possibility of viewing BEHIND THE MAIN OFFICE which was the SOLE location for an outbuilding supported by the facts. The detective's INTENTION was allowed to trump and usurp the magistrate's function. The Court usurped the magistrate's function by VOUCHING for Building B.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
The first opportunity to allege ineffective assistance of counsel did not occur until post-conviction proceedings. Appeal counsel excluded Bradley from the process and did not "assist."

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: "Rule 61" motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:
The Superior Court of Delaware in and for Sussex County

Docket or case number (if you know):
Docket no. 92 in Superior Court, Criminal case No. 0912011155
Date of the court's decision:
June 5, 2015

✎AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):

*The judgement : Motion for Post-conviction relief DENIED*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
*The Supreme Court of the State of Delaware
55 The Green  Dover, Delaware 19901*

Docket or case number (if you know):
*No. 300, 2015*

Date of the court's decision:
*March 3, 2016*

Result (attach a copy of the court's opinion or order, if available):
*The judgement of the Superior Court is AFFIRMED*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:** *DETECTIVE SPILLAN'S DECISION TO OPEN A PARTICULAR FILE WAS NOT GUIDED BY WARRANT INFORMATION BUT PURSUANT TO HIS OWN DISCRETION VIOLATING BRADLEY'S 4TH AMENDMENT RIGHTS. TRIAL/APPELLATE COUNSEL WERE INEFFECTIVE IN ASSERTING THE ISSUES, NO MOVE FOR REARGUMENT*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *1) Multiple constitutional violations were involved in the Detective Spillan (Spillan) computer search and were only partially asserted by counsel. 2) Post-conviction counsel presented a fundamental but unaddressed concern but unfairly accused of attempting to "re-litigate" an already adjudicated claim. 3) Because the Spillan search was raised at trial and on appeal (but incompletely or ineffective) I argued for clarity it is separated into grounds three and four. 4) Treatment dates of the eight targeted children were not known or used by Spillan to narrow his search. 5) Generalized time period considerations were not warrant prescribed nor employed by Spillan. 6) Although time periods were not part of a search methodology, for retrospective convenience they were revisionally used to rationalize and justify a broadened search. 7) The failure of police to employ time period constraints was in fact substantially prejudicial to Bradley. The sole unrecovered medical file was from a decade earlier time period, a child NEVER a BayBees patient. The non-existent and impossible to recover file*

served to enable a pretext for a continued and perpetually justified search extending beyond the successful retrieval of the other seven childrens files, 8) Video files were not a warrant supported target, not probable cause supported, not particularly described, and had no nexi to the eight or other children or any of the crimes alleged. 9) Superior Court judge supported the search for the deleted video file. 10) Judge employed error in fact and law, a) cited time period war general and not identified in the four corners of the warrant b) Judge created a key fact from outside of evidence, untrue in reality — that "Bradley was Known to video tape his patients." 11) No limiting methodology was identified,

**(b) If you did not exhaust your state remedies on Ground Three, explain why?**

**(c)    Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

The first opportunity to allege ineffective assistance of counsel did not occur until post-conviction proceedings. Appeal counsel excluded Bradley from the process and did not "assist."

Note: Detective Spillan issues are multiple and complex. Court deemed issues already adjudicated.

**(d)    Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: "Rule 61" motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:

The Superior Court of Delaware in and for Sussex County

Docket or case number (if you know):

Docket no. 92 in Superior Court, Criminal case No. 0912011155

Date of the court's decision:

June 5, 2015

Result (attach a copy of the court's opinion or order, if available):

Motion for Post-conviction relief DENIED

(3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

The Supreme Court of the State of Delaware
55 The Green   Dover, Delaware 19901

Docket or case number (if you know):

No. 300, 2015

Date of the court's decision:

March 3, 2016

Result (attach a copy of the court's opinion or order, if available):

The judgement of the Superior Court is AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** BRADLEY'S CONSTITUTIONAL RIGHT TO A REASONABLE SEARCH UNDER THE 4TH AMENDMENT WAS VIOLATED WHEN DET. SPILLAN EXECUTED A GENERAL SEARCH GUIDED ONLY BY HIS OWN DISCRETION AND NOT THE WARRANT LANGUAGE, LANGUAGE ITSELF OVERLY BROAD. RILEY v. CALIF. U.S. S. CT. PRINCIPLES WERE NOT FOLLOWED

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): 1) Detective Spillan extended the scope of the warrant to include video files, such files not listed, not particularly described, not probable cause supported, and without nexus. 2) The DE S. Ct. in wheeler v. State explained criteria which if applied to Bradley confirmed the general nature of the Det. Spillan search 3). First "the language of the search warrant did not 'guide and control [the forensic examiner's] judgement as to what was to be seized on the computer." 4) Second "the broad language of the search warrant clearly included items that were not subject to seizure" such that the instrument was not as specific as "the circumstances and the nature of the activity under investigation permitted..." 5). The fundamental issue that Det. Spillan did not the NAMES of the 8 targeted patients, thus his search by necessity was general, was never addressed BY ANY COURT. 6) Trial counsel and Appeal counsel were ineffective in their acquiescence. 7). A continued search for child 8 files when those files were already recovered the day before without any identified deficiency was not reasonable. 8) A continued search for redundant "scheduling" was not reasonable. 9) The ultimate touchstone of the 4th Amendment is reasonableness.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(raised partially and ineffectively)

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No    (Detective Spillan issues complex and multiple)

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    "Rule 61" motion for post-Conviction Relief

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed: *The Superior Court of Delaware in and for Sussex County*

Docket or case number (if you know): *Docket # 136 in Superior Court*

Date of the court's decision: *May 18, 2017  (Docket # 157  5/22/17)*

Result (attach a copy of the court's opinion or order, if available):
*Motion for Post-Conviction Relief DENIED*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *The Supreme Court of Delaware 55 The Green   Dover  Delaware 19901*

Docket or case number (if you know): *No. 221, 2017  Cr. Id. No. 0912011155*

Date of the court's decision: *January 16, 2018*

Result (attach a copy of the court's opinion or order, if available):
*The judgement of the Superior Court is AFFIRMED*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

GROUND FIVE   BRADLEY'S RIGHTS UNDER THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION WERE VIOLATED WHEN POLICE BROADENED THEIR SEARCH TO A PRIVATE COMPUTER FOUND IN A PRIVATE LOCATION WHEN THE WARRANT TARGETED ONLY A BUSINESS COMPUTER TO BE FOUND IN A BUSINESS LOCATION. THE COURTS' FAILURE TO ENFORCE 5TH AMENDMENT RIGHTS RESULTED IN A DECISION THAT WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE U.S. TRIAL AND APPEAL COUNSEL WERE INEFFECTIVE IN NOT RAISING THIS FUNDAMENTAL ISSUE.

(a) Supporting facts

1) The seizure and search of private files, especially dated or in diary format, first violated the Fourth Amendment, but, by their nature and motivation for the search, violated the Fifth Amendment as well. 2) The "USE" itself of the private location was constitutionally protected information. 3) The state Supreme Court justified entry by what was discovered - a desk and computer (but in the context of an area absent of medical office trappings). 4) Using a fallacy of equivocation the court appealed to the reasonableness of a "private office." However a physician's private office at a medical practice office has a different meaning and expectation of privacy then a private office outside of the medical office and inaccessible to employees. 5) The "reasonable" private office location in the business context had already been identified and search and seizure accomplished - in the "attic" of the main office. 6) Attic office did not have medical office trappings such as a bookcase with medical texts. 7) A desk with a computer does not constitute a typical "private office" in the medical office context. 8) Bradley had two computer on desk areas in the main office building, areas accessible to employees, one such area in Building D, and one truly private computer in Building B, not used for the business and not accessible to employees. 9) A file titled "September 30, 2009" found on a private computer outside of the business would reasonably be considered a "diary" entry. 10) Scheduling had already been successfully retrieved, thus searching for redundant material would be unreasonable, and searching for scheduling as testimonial or communicative of Bradley's "state of mind" entered 5TH Amendment protected territory.

(b) If you did not exhaust your state remedies on Ground Five  explain why:

(c) Direct Appeal of Ground Five
(1) If you appealed from the judgement of conviction, did you raise this issue?
(not ineffective assistance aspect)   ☐ Yes   ☒ No
(2) If your answer to Question (d)(1) is "yes" state: If you did not raise this issue in your direct appeal explain why: premature to raise ineffective assistance claim

(d) Post-Conviction Proceedings
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☒ Yes   ☐ No
(2) If your answer to Question (d)(1) is "yes," state:
Type of motion or petition: "Rule 61" motion for Post-conviction Relief
Name and location of the court where motion filed: The Superior Court of DE, Sussex County
Docket or case number (if you know): Docket # 136 in Superior Court, case # 0912011155
Date of court's decision: May 13, 2017 (Docket # 157  5/22/17)
Result (attach copy if available): Motion for Post-conviction Relief DENIED

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "yes," state:
Name and location of the court where the appeal was filed: The Supreme Court of Delaware  55 The Green  Dover Delaware  19901
Docket or case number (if you know): No. 221, 2017  Cr Id No. 0912011155
Date of court's decision: January 16, 2018
Result (attach copy if available): The judgement of the Superior Court is AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:

# GROUND SIX          DENIAL OF TRIAL BY JURY

BRADLEY WAS DEPRIVED OF HIS FUNDAMENTAL CONSTITUTIONAL RIGHT TO A TRIAL BY JURY AS GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION. TRIAL AND APPEAL COUNSEL WERE INEFFECTIVE IN NOT ASSURING THE RIGHT

(a) Supporting facts 1) Bradley was not properly deemed mentally competent by the trial judge to waive his fundamental right to a jury trial. 2) The trial judge ordered a MENTAL EVALUATION on 04/20/2011 (Docket No. 66), but this was not completed and Bradley was subsequently allowed to waive his jury trial without the deemed necessary psychiatric evaluation or clearance. 3) Bradley suffered oppressive solitary confinement at all times prior to the excessively delayed trial. 4) Bradley was placed on suicide watch followed by 24 hour per day camera surveillance and imposed daily mental health visits. 5) Counsel requested of Bradley that he forego a trial by jury to spare alleged victims from testimony and not for strategic benefit. 6) Bradley hesitated to disappoint and perhaps alienate the counsel on whom he depended for appeal. 7) The proceeding in a bench trial without Bradley's "competent judgement" was contrary to clearly established federal law as determined by the Supreme Court of the U.S. (Adams v. U.S exre McCann 317 U.S. 269 (1942)). 8) By acquiescing to a bench trial, Bradley also unknowingly waived his fundamental right to face his accusers and cross-examine witnesses. Detective Elliott's perjury was thus able to go unchallenged.

(b) If you did not exhaust your state remedies on Ground Six, explain why:

(C) Direct Appeal of Ground Six
(1) If you appealed from the judgement of conviction, did you raise this issue?   ☐ yes   ☒ No
(2) If you did not raise this issue in your direct appeal, explain why: Appeal counsel proceeded without consulting Bradley, a constructive denial of counsel as claimed in separate ground.

(d) Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ yes   ☐ No
(2) If your answer to Question (d)(1) is "yes," state:
Type of motion or petition: Rule 61 "motion for Post-Conviction Relief
Name and location of the court where the motion or petition was filed: The Superior Court of Delaware in and for Sussex County
Docket or case number (if you know): Docket no. 136 in Superior Court, case # 0912011155
Date of Court's decision: ~~June 5, 2015~~ May 18 2017 (docket #157 5/22/17)
Result (attach copy if available): Motion for post-conviction relief denied
(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "yes," state:
Name and location of the Court where the appeal was filed: The Supreme Court of Delaware   55 The Green   Dover Delaware   19901
Docket or case number (if you know): No. 221,2017   Cr ID No. 0912011155
Date of court's decision: January 16, 2018
Result (attach copy if available): The judgement of the Superior Court is AFFIRMED
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Six:

GROUND SEVEN BRADLEY'S FUNDAMENTAL AND STRUCTURAL
CONSTITUTIONAL RIGHT TO THE DUE PROCESS STANDARD
OF AN IMPARTIAL JUDGE WAS VIOLATED CONTRARY TO
CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE
SUPREME COURT OF THE U.S. TRIAL AND APPELLATE COUNSEL WERE
INEFFECTIVE BY NOT CHALLENGING ACTUAL BIAS AND APPEARANCE THEREOF

(a) Supporting facts
1) An objective appearance of partiality existed with regard to the trial judge
and a State Supreme Court judge on appeal 2) Pervasive bias was exhibited
at trial and on appeal 3) The U.S. Supreme Court in Liteky v. U.S. 510 U.S.
540 (1994) " ... placed the obligation to identify the existence of those grounds upon the judge
himself, rather than requiring recusal only in response to a party's affidavit," "but
trial and appellate judges failed to declare a duty to sit. 4) Multiple judges
did recuse from the Bradley case for confidential reasons. 5) Interest or
bias grounds must be evaluated on an objective basis (Liteky) 6) The recusal
inquiry ... must be made from the perspective of a reasonable observer who is
informed of all the surrounding facts and circumstances" (Cheney v. U.S. Dist. Ct
510 U.S. 540 (2004). 7) An alleged victim's grandfather was a prominent
member of the State judiciary (in charge of Chancery Court) who upon information
and belief was a law school classmate of both the trial judge and first chair
defense attorney. 8) One state Supreme Court justice did recuse only to be
replaced by a close colleague of the grandfather judge, second highest in
the Chancery Court. 9) "History and precedent" must be objectively considered,
and precedent exists in the instant case with three Superior Court and one
Supreme Court members recusing. 10). A "predisposition" unfavorable to Bradley
existed, and "pervasive bias" was exhibited, 11) whereas "opinion formed on the
basis of facts introduced can not constitute the basis for bias or partiality," deep
seated favoritism was evident when "facts" were instead judicially created.

(b) If you did not exhaust your state remedies on Ground Seven, explain why:

(c) Direct Appeal of Ground Seven
   (1) If you appealed from the judgement of conviction, did you raise this issue?
                                                    ☑ Yes  ☒ No
   (2) If you did not raise this issue in your direct appeal, explain why : Appeal counsel
   refused and continued representation ~~after dismissal~~ without Bradley's consultation

(d) Post-Conviction Proceedings
   (1) Did you raise this issue through a post-conviction motion or petition for habeas
   corpus in a state trial court?                    ☒ Yes  ☐ No
   (2) If your answer to Question (d)(1) is "yes," state :
   Type of motion or petition "Rule 61" motion for Post-conviction relief
   Name and location of the court where the motion or petition was filed : The
   Superior Court of Delaware in and for Sussex County
   Docket or case number (if you know) : Docket # 136 in Superior Court, case # 0912011155
   Date of court's decision : May 18, 2017  ( Docket #157 5/22/17)
   Result (attach copy if available) : Motion for Post-conviction Relief DENIED

   (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
   (4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
   (5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?
                                                    ☒ Yes  ☐ No
   (6) If your answer to Question (d)(4) is "yes," state :
   Name and location of the court where the appeal was filed : The Supreme
   Court of Delaware  55 The Green  Dover  Delaware 19901
   Docket or case number (if you know) : No. 221, 2017  Cr I.D No 0912011155
   Date of court's decision : January 16, 2018
   Result (attach copy if available) : The judgement of the Superior Court is AFFIRMED

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you
   did not raise this issue :

(e) Other Remedies : Describe any other procedures (such as habeas corpus, administrative
remedies, etc) that you have used to exhaust your state remedies on Ground Seven :

<u>GROUND EIGHT</u> THE CHAPMAN V. CALIFORNIA HARMLESS ERROR ANALYSIS WAS NOT APPLIED TO UNDISPUTED FOURTH AMENDMENT VIOLATIONS AS MANDATED BY THE SUPREME COURT OF THE U.S. IN VIOLATION OF BRADLEY'S CONSTITIONAL DUE PROCESS RIGHTS. TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE IN NOT RAISING THIS ISSUE

(a) Supporting facts
1) Superior and Supreme COURTS' failure to perform the Supreme Court of U.S. mandated harmless error analysis to undisputed Fourth Amendment violations was an unreasonable application of federal law as determined by the U.S. Supreme Court. 2) The State Supreme Court merely declared the issue moot citing that evidence obtained [from the 4th Amendment violation] was not used at trial. 3) The courts neglected the U.S. Supreme Court's holding that information and intangible items constitute evidence. 4) The <u>USE</u> of multiple buildings was discovered only through illegal entries and this discriminating information was critically relied upon. 5) No court has declared, after analysis, a belief that [4th Amendment violation] illegal invasions were " harmless " beyond a reasonable doubt."

(b) If you did not exhaust your state remedies on Ground Eight, explain why :

(c) Direct Appeal of Ground Eight
    (1) If you appealed from the judgement of conviction, did you raise this issue?
                                                        ☐ Yes    ☒ No
    (2) If you did not raise this issue in your direct appeal, explain why :
(d) Post-Conviction Proceedings :  Appeal Counsel constructively absent and did not consult with Bradley
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court ?
        ☒ Yes    ☐ No
    (2) If your answer to Question (d)(1) is "yes," state :
    Type of motion or petition : "Rule 61" motion for Post-conviction Relief
    Name and location of the court where the motion or petition was filed : The Superior Court of Delaware in and for Sussex County
    Docket or case number (if you know) : Docket #136 in Superior Court, case #0912011155
    Date of the court's decision : May 18, 2017 (Docket #157 5/22/17)
    Result (attach copy if available) : Motion for Post-Conviction Relief DENIED

    (3) Did you receive a hearing on your motion or petition ?    ☐ Yes    ☒ No
    (4) Did you appeal from the denial of your motion or petition ?    ☒ Yes    ☐ No
    (5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal ?    ☒ Yes    ☐ No
    (6) If your answer to Question (d)(4) is "yes," state :    ☒ Yes    ☐ No
    Name and location of the court where the appeal was filed : The Supreme Court of Delaware 55 The Green Dover Delaware 19901
    Docket or case number (if you know) : No 221, 2017 Cr ID No. 0912011155
    Date of court's decision : January 16, 2018
    Result (attach copy if available) : The judgement of the Superior Court is AFFIRMED

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue :
(e) Other Remedies : Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Eight:

## GROUND NINE DENIAL OF SPEEDY TRIAL

BRADLEY WAS DENIED HIS FUNDAMENTAL RIGHT TO A SPEEDY TRIAL AS GUARANTEED UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION. TRIAL COUNSEL WAS INEFFECTIVE BY SACRIFICING BRADLEY'S RIGHT SOLELY FOR ITS OWN CONVENIENCE WITH REGARD TO ANOTHER CASE

(a) Supporting facts

1) Bradley did not waive his right to a speedy trial and any assumed waiver is contrary to clearly established federal law as determined by the Supreme Court of the U.S. in Barker v. Wingo 407 U.S. 514 (1972).
2) The trial delay exceeded objective state standards with no strategic or other benefit to Bradley. 3) State Administrative Directive directs the Superior Court to literally dispose of 100% of criminal cases within one year.
4) Bradley's arrest was on 12/17/09, but trial was delayed until June of 2011.
5) Trial delays were expressly attributed to Bradley's counsel's representation of an unrelated defendant which presented a conflict of interests with regard to scheduling. 6). State-appointed counsel supplanted Bradley's choice of counsel, such appointed counsel already engaged in a capital murder case. 7). Appointed counsel's schedule was accomodated to favor the alternate defendant at Bradley's expense.

(b) If you did not exhaust your state remedies on Ground Nine, explain why:

(c) Direct Appeal of Ground Nine

(1) If you appealed from the judgement of conviction, did you raise this issue? ☐ yes ☒ No
(2) If you did not raise this issue in your direct appeal, explain why: Appeal Counsel proceeded without consulting Bradley, rendering "no assistance"

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ yes ☐ No
(2) If your answer to Question (d)(1) is "yes," state:
Type of motion or petition: "Rule 61" motion for Post-Conviction Relief
Name and location of the court where the motion or petition was filed: The Superior Court of Delaware in and for Sussex County
Docket or case number (if you know): Docket # 136 in Superior Court, case # 0912011155
Date of court's decision: May 18, 2017 (Docket # 157, 5/22/17)
Result (attach a copy, if available): Motion for Post-Conviction Relief DENIED
(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "yes," state:
Name and location of the court where the appeal was filed: The Supreme Court of Delaware 55 The Green Dover Delaware 19901
Docket or case number (if you know): No. 221, 2017 Cr. I.D. No. 0912011155
Date of court's decision: January 16, 2018
Result (attach a copy, if available): The judgement of the Superior Court AFFIRMED
(7) If your answer to Question (d)(4) or Question (d)(5) is "No", explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine:

GROUND TEN   CUMULATIVE ERROR / LOSS OF JURISDICTION
AN UNREASONABLE NUMBER OF JUDICIAL ABUSES OF DISCRETION
ALONG WITH AN EXTRAORDINARY FREQUENCY OF ERRORS OF FACT AND LAW
HAD A CUMULATIVE EFFECT UNDERMINING THE FUNDAMENTAL FAIRNESS
OF THE TRIAL PROCESS VIOLATING BRADLEY'S CONSTITUTIONAL RIGHT
TO DUE PROCESS. THESE "EXTREME IRREGULARITIES IN THE PROCEEDINGS"
CAUSED THE COURT TO LOSE JURISDICTION UNDER THE SUPREME COURT
OF U.S. PRINCIPLES EXPRESSED IN JOHNSON V. ZERBST 304 U.S. 458
TRIAL AND APPELLATE COUNSEL WAS INEFFECTIVE IN THEIR COMPLACENCY

(a) Supporting facts
1) The myriad of court abuses of discretion and errors require an incorporation
of all the grounds herein. 2) Superior Court Judge usurped the magistrate's
role i) vouching for Building B based upon outside the four corners testimony
of a detective 's "manner of observation". The detective's incompetent
mistaken intent was elevated above a probable cause predicate. ii) supplying
retrospectively pure conjecture for required nexi, iii) disregarding the facts supporting
Building C, a building truely a white outbuilding behind the main office iv) supplying
as a "key" fact to uphold the Detective spillan search, but a fact not supported
in the record or in reality, v) The depended upon "fact" was that Bradley
was known to "videotape patients," vi) relying upon purely hearsay witness, (6
statements against Supreme Court of U.S. standard in Illinois v. Gates., vii)
citing Doe v. Grody (based upon U.S. Supreme Court Groh v. Ramirez ruling)
but following the dissent opinion, neglecting the federal law requirement that
no outbuilding at all should have been supported, viii) usurping also the
prosecutor's role, supplying arguments to rescue prosecutor's failed attempts.

(b) If you did not exhaust your state remedies on Ground Ten, explain why:

(c) Direct Appeal of Ground Ten
   (1) If you appealed from the judgement of conviction, did you raise this issue?
        ☐ Yes   ☒ No.
   (2) If you did not raise this issue in your direct appeal, explain why:
        Appeal Counsel did not "assist", did not consult with Bradley

(d) Post-Conviction Proceedings:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas
   corpus in a state trial court?
        ☒ Yes   ☐ No
   (2) If your answer to Question (d)(1) is "yes" state:
   Type of motion or petition : "Rule 61" motion for Post-Conviction Relief
   Name and location of the court where the motion or petition was filed: The Superior
   Court of Delaware in and for Sussex County
   Docket or case number (if you know) : Docket # 136 in Superior Court, case # 0912011155
   Date of the court's decision : May 18, 2017   (Docket #157, 5/22/17)
   Result (attach a copy if available) : Motion for Post-Conviction Relief DENIED

   (3) Did you receive a hearing on your motion or petition ?   ☐ Yes   ☒ No
   (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No
   (5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?
        ☒ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "yes", state :
   Name and location of the court where the appeal was filed : The Supreme Court of
   Delaware   55 The Green   Dover Delaware 19901
   Docket or case number (if you know) : No 221, 2017 Cr ID No. 0912011155
   Date of court's decision : January 16, 2018
   Result (attach copy if available) : The judgement of the Superior Court AFFIRMED

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did
   not raise this issue :

(e) Other Remedies : Describe any other proceedures (such as habeas corpus,
administrative remedies, etc) that you have used to exhaust your state remedies on Ground Ten:

<u>GROUND ELEVEN</u> BRADLEY'S CONSTITUTIONAL AND STRUCTURAL RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION WAS CONSTRUCTIVELY DENIED AT CRITICAL STAGES DURING THE TRIAL PROCESS WITH A RESULTING DECISION CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE U.S.. TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE IN NOT ASSURING THE FUNDAMENTAL RIGHTS.

(a) Supporting facts
1) The courts contended that Eugene Maurer Jr. Esq. was not Bradley's but rather his family's choice of attorney. The corollary, thus, is that the family and not Bradley was represented at this critical pre-trial stage which included the preliminary hearing which was inappropriately waived. 2) Appellate attorneys did not provide "assistance" but rather unilaterally acted entirely ignoring Bradley's concerns or input. 3) Appellate attorney claimed in error that Bradley was kept in the loop through attorney Dean Johnson Esq - but this attorney denied such involvement in his responding affidavit. 4) Note: The unsolicited appointment of Post-conviction counsel left multiple grounds unrepresented under a false pretext and promise that grounds would be preserved.

(b) If you did not exhaust your state remedies on Ground Eleven explain why:

(c) Direct Appeal of Ground Eleven
(1) If you appealed from the judgement of conviction, did you raise this issue?
☐ Yes ☒ No.
(2) If you did not raise this issue in your direct appeal, explain why:
Issue largely arose as corollary to state Court's contention that Mr. Maurer was family's attorney choice and not Bradley's

(d) Post-Conviction Proceedings
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ Yes ☐ No
(2) If your answer to Question (d)(1) is "yes," state:
Type of motion or petition: "Rule 61" motion for Post-conviction Relief
Name and location of the court where the motion or petition was filed:
The Superior Court of Delaware in and for Sussex County
Docket or case number (if you know): Docket # 136 in Superior Court, case # 0912011155
Date of the court's decision: May 18, 2017 (Docket # 157 5/22/17)
Result (attach a copy if available): Motion for Post-conviction Relief DENIED

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal? ☒ Yes ☐ No
(6) If your answer to Question (d)(4) is "yes," state:
Name and location of the court where the appeal was filed: The Supreme Court of Delaware 55 The Green Dover Delaware 19901
Docket or case number (if you know): No. 221, 2017 Cr Id No. 0912011155
Date of court's decision: January 16, 2018
Result (attach copy if available): The judgement of the Superior Court AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Eleven:

GROUND TWELVE   BRADLEY'S 4TH AMENDMENT RIGHTS WERE VIOLATED WHEN POLICE INVADED EXTRA BUILDINGS THEY KNEW OR SHOULD HAVE KNOWN WERE NOT COVERED BY THE WARRANT. ON-POINT GUIDANCE FROM U.S. SUPREME COURT PRECEDENT WAS IGNORED BY THE TRIAL COURT WHICH ITSELF CITED MARYLAND v. GARRISON AND EXPRESSLY FOUND THE POLICE ACTIONS UNREASONABLE. TRIAL AND APPELLATE COUNSEL HANDLED THIS DISPOSITIVE ISSUE INEFFECTIVELY

(a) Supporting facts
1. Police had a warrant to search a main office building to obtain 8 children's medical files. 2. The affidavit/warrant mentioned one additional building under "Name..," but upon arrival police discovered four, not the expected two, buildings. 3. With appropriate doubt the police called the Deputy Attorney General for guidance. 4. Deputy A.G. said she was on her way, but police decided not to wait the short interval and invaded and searched all four structures. Trial judge cited U.S. S.Ct. Maryland v. Garrison finding the search unreasonable, but without legal justification castigated police rather than applying exclusionary rule. 5. Subsequent to Stone v. Powell the U.S. Supreme Court defined the exclusionary rule as a RIGHT, provided the condition "where it applies" is fulfilled. 6. Exclusionary rule application was Bradley's right under federal law as determined by the U.S. S.Ct. in Illinois v. Rodriguez (1990). 7. The Courts' decision was contrary to and an unreasonable application of clearly established federal law as determined by the U.S. S.Ct. in Maryland v. Garrison and Groh v. Ramirez. 8. The "where it applies" hurdle was satisfied by the court itself when the judge provided all the necessary elements.

(b) If you did not exhaust your state remedies on Ground Twelve explain why :

(c) Direct Appeal of Ground Twelve
(1) If you appealed from the judgement of conviction, did you raise this issue?
(Raised but ineffective (y))                          ☒ Yes  ☐ No
(2) If you did not raise this issue in your direct appeal, explain why :

(d) Post-Conviction Proceedings  (certain aspects)
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          ☒ Yes  ☐ No
(2) If your answer to Question (d)(1) is "yes," state :
Type of motion or petition : "Rule 61" motion for post-conviction relief
Name and location of the court where the motion or petition was filed :
The Superior Court of Delaware in and for Sussex County
Docket or case number (if you know) : Docket # 136 in Superior Court
Date of the court's decision : May 18, 2017  (Docket #157  5/22/17)
Result (attach a copy if available) : Motion for Post-Conviction Relief DENIED

(3) Did you receive a hearing on your motion or petition ?        ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition ?    ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal ?                                      ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "yes," state :
Name and location of the court where the appeal was filed : The Supreme Court of Delaware 55 The Green Dover Delaware 19901
Docket or case number (if you know) : No. 221, 2017  Cr Id No. 0912011155
Date of court's decision : January 16, 2018
Result (attach a copy if available) : The judgement of Superior Court AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue :

(e) Other Remedies : Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Twelve :

<u>GROUND THIRTEEN</u>   BRADLEY'S 4TH AMENDMENT CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN POLICE SEARCHED BUILDINGS BEYOND THE SCOPE OF THE WARRANT. THE COURTS ABUSED DISCRETION WHEN THE DISSENT OPINION OF DOE V. GROODY WAS CITED AND RELIED UPON RESULTING IN A DECISION CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE U.S. S.CT IN GROH V. RAMIREZ. THE 3RD CIRCUIT RELIED UPON CASE IN DOE V. GROODY. TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE ARGUING THIS DISPOSITIVE ISSUE.

(a) Supporting facts

1). the warrant targeted 8 children's medical files to be seized from a single office building which had probable cause support, nexus, adequate particular description, and clear magistrate approval. 2) An outbuilding was mentioned under the "NAME..." portion, but without incorporation by reference, and lacking all the requisit elements present for the office mentioned above. 3). The main office and three additional buildings were searched despite an employee being asked and police informed that files would be found "here and in the basement". 4). The trial judge usurped the magistrate's role and claimed his own string of inference and conjecture were by virtue of "common sense reading of warrant" permissive of broadening the warrant. 5) The judge's argument mirrored that of the dissent opinion but was clearly in conflict with the majority rule which held that the warrant's function (a "touchstone") necessitated locations or persons must be listed in appropriate block unless incorporated by reference. 6) Bradley's counsel was ineffective when they spared with the prosecution debating "white" vs "checkerboard" building when neither should have been contemplated.

(b) If you did not exhaust your state remedies on Ground Thirteen explain why:

(c) Direct Appeal of Ground Thirteen

(1) If you appealed from the judgement of conviction, did you raise this issue?
(partially and ineffectively raised)       ☐ yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
The first opportunity to raise an ineffective assistance claim did not arise until post-conviction proceedings. Related arguments were presented at trial and appeal.

(d) Post-Conviction Proceedings   (certain aspects)

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?       ☒ yes   ☐ No

(2) If your answer to Question (d)(1) is "yes," state:
Type of motion or petition: "Rule 61" motion for post-conviction Relief
Name and location of the court where the motion or petition was filed:
The Superior Court of Delaware in and for Sussex County
Docket or case number (if you know): Docket #136 in Superior Court
Date of court's decision: May 18, 2017   (Docket #157 5/22/17)
Result (attach copy if available) Motion for Post-Conviction Relief DENIED

(3) Did you receive a hearing on your motion or petition?       ☐ yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☒ yes   ☐ No
(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?       ☒ yes   ☐ No
(6) If your answer to Question (d)(4) is "yes," state:
Name and location of the court where the appeal was filed: The Supreme Court of Delaware  55 The Green  Dover, Delaware 19901
Docket or case number (if you know): No. 221, 2017 Cr Id No. 0912011155
Date of court's decision: January 16, 2018
Result (attach copy if available): The judgement of Superior Court AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Thirteen:

GROUND FOURTEEN   BRADLEY'S CONSTITUTIONAL RIGHTS UNDER THE 4TH AND 14TH AMENDMENTS WERE VIOLATED BY USE OF A DEFECTIVE WARRANT ROOTED IN STALENESS AND FRANKS VIOLATIONS AS WELL AS AFFIANT DECEPTION MISREPRESENTING HEARSAY WITNESSES INCLUDING ONE KEY WITNESS WHO WAS NEVER AFFIANT INTERVIEWED.

(a) Supporting facts

1) The 2009 warrant was largely a copy and paste resubmission of a failed 2008 application without refreshing information. 2) The year old 2008 information was itself stale, key information over a decade old. 3) "Child 1" in fact was so long ago in the past the patient was never a BayBee's patient at all but served as the ruse for a perpetual search without end for a file having no chance of recovery. 4) "Witness 2" supplied the key computer reference including "manipulation of photos with Elmo." This witness referenced Beebe Hospital in the mid-nineties but the extreme staleness was not updated nor disclosed. 5) The affiant misled the magistrate on a critical point by stating a patient's father saw Bradley taking a patient INTO an outbuilding, when in fact the father never saw them enter. Kiddie attractions existed outside in front of the outbuilding. 6) The courts used entry to postulate medical exams ergo patient files. 7) "Witness 6" was a sworn interviewee of the affiant, but was never affiant interviewed as affirmed, thus purely hearsay. 8) The resolution and disposition of each child one thru seven was crucial information withheld from the magistrate. 9) Detective Elliott usurped the Medical Board's role without disclosure that he personally misdirected the Board's medical expert. 10) Witness 6 and another witness were disgruntled ex-employees who at the time in 2008 were suspects in a BayBee's fraud investigation – impeaching information withheld. 11) Trial judge abused discretion when a host of clearly false deceptions and perjury in conflict with the trial record were held as facts. 12) Trial and appellate counsel were ineffective by failing to effectively argue these claims. 13) The stated infractions resulted in a decision that was contrary to clearly established federal law as determined by the U.S. Supreme Court. 14) Also resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

(b) If you did not exhaust your state remedies on Ground Fourteen, explain why :


(c) Direct Appeal of Ground Fourteen

(1) If you appealed from the judgement of conviction, did you raise this issue ?
☐ Yes   ■ No

(2) If you did not raise this issue in your direct appeal, explain why :
Ineffective assistance trial and appeal counsel, Appeal Counsel failed to "assist"

(d) Post-Conviction Proceedings

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ■ Yes   ☐ No

(2) If your answer to Question (d)(1) is "yes," state :
Type of motion or petition:  Rule 61 motion for post-conviction relief.
Name and location of the Court where the motion or petition was filed : The Superior Court of Delaware in and for Sussex County
Docket or case number (if you know): Docket # 136 in Superior Court
Date of Court's decision:  May 18, 2017  (Docket # 157  5/22/17)
Result (attach copy if available) :  Motion for Post-Conviction Relief DENIED

(3) Did you receive a hearing on your motion or petition?  ☐ Yes   ■ No
(4) Did you appeal from the denial of your motion or petition ?  ■ Yes   ☐ No
(5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?
■ Yes   ☐ No

(6) If your answer to Question (d)(4) is "yes," state :
Name and location of the court where the appeal was filed : The Supreme Court of Delaware  55 The Green  Dover  Delaware 19901

(d)(6) Ground Fourteen continued

Docket or case number (if you know): No. 221,2017 CrID#0912011155
Date of Court's decision: January 16 2018
Result (attach copy if available): The judgement of Superior Court AFFIRMED
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus administrative remedies, etc) that you have used to exhaust your state remedies on Ground Fourteen:

GROUND FIFTEEN  BRADLEY'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW IN POST-CONVICTION PROCEEDINGS WERE VIOLATED WHEN THE TRIAL JUDGE ABUSED DISCRETION AND MATERIALLY INTERFERED IN THE PROCESS IN AN ATTEMPT TO CAUSE PREJUDICE

(a) Supporting facts:
1) Post-conviction counsel was ineffective, not a constitutional claim, but an important element with regard to this claim and Martinez v. Ryan considerations, 2) Bradley filed the initial post-conviction motion pro se. 3) Bradley did not request the assignment of counsel, but accepted the representation conditionally upon agreed upon terms, 4) Trial judge was notified of the terms of the agreement and reliance upon the DE S, Ct decision in Guy v. State whereby relinquished claims would be preserved in the event post-conviction counsel provided ineffective assistance. 5) Counsel breached the agreed upon terms by dropping a critically relied upon claim on appeal, without reason or explanation, and without agreement or permission of the defendant. 6) Trial judge disregarded his implicit agreement with Guy v. State and simply dismissed claims in the subsequent Rule 61 motion. 7) Bradley dismissed counsel during the Rule 61 appeal but was denied pro se status and forced to continue with assigned attorney. 8) The post-conviction representation was unsolicited and served to obstruct the justice which Bradley sought. 9) Counsel violated DE Rules of Professional Conduct. 10) Bradley was constructively denied both appointed and pro se counsel. 11) Albert Roop Esq stopped representation without notice or replacement. 12) Justice Strine ignored the motion to either recuse or declare duty to sit.

(b) If you did not exhaust your state remedies on Ground Fifteen explain why:

(c) Direct Appeal of Ground Fifteen
(1) If you appealed from the judgement of conviction, did you raise this issue? ☐ Yes ☒ No
(2) If you did not raise this issue in your direct appeal, explain why: Issue arose after Direct Appeal

(d) Post-Conviction Proceedings
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ Yes ☐ No
(2) If your answer to Question (d)(1) is "yes," state:
Type of motion or petition: "Rule 61" Motion for Post-conviction relief
Name and location of the court where the motion or petition was filed: The Superior Court of Delaware in and for Sussex County
Docket or case number (if you know): Docket #136 in Superior Court
Date of Court's decision: May 18, 2017 (Docket #157 5/22/17)
Result (attach copy if available): Motion for Post-conviction Relief DENIED

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
(5) If your answer to Question (d)(4) is yes, did you raise this issue on appeal? ☒ Yes ☐ No
(6) If your answer to Question (d)(4) is "yes," state:
Name and location of the court where the appeal was filed: The Supreme Court of Delaware 55 The Green Dover Delaware 19901
Docket or case number (if you know): No. 221,2017 CrID No. 0912011155
Date of court's decision: January 16, 2018
Result (attach copy if available): The judgement of Superior Court AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Fifteen:

GROUND SIXTEEN   BRADLEY'S CONSTITUTIONAL RIGHTS
UNDER THE 4TH, 6TH, AND 14TH AMENDMENTS WERE VIOLATED
BY A SEARCH AND SEIZURE PURSUANT TO A WARRANT ABSENT
THE REQUIRED NEXI, RESULTING IN A DECISION CONTRARY
TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED
BY THE U.S. SUPREME COURT, AND RESULTING IN A DECISION
THAT WAS BASED ON AN UNREASONABLE DETERMINATION OF
THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE
COURT PROCEEDING

(a) Supporting facts
1) Photographs and video were both beyond the scope of the warrant and
lacking in the required nexi as determined by the Supreme Court in Warden
v. Hayden 387 U.S. 294 (1967). 2) Targeted medical filer were mere
evidence not provided with the required nexi. 3) The reference to
photography had no relevance and moreover war stale. 4) Video filer had
no warrant support nor targeting. 5) The trial judge fabricated a fact critical
to hir argument which in turn war critical to upholding Detective spillan's
video file search: that Bradley war known to videotape patients. 6) The
created fact, unsupported in the record, perhaps seeming trivial war none-
the-less a key root predicate in upholding the Detective spillan search. 7) The
possible uses of medical filer war not provided in the warrant, but through
the trial judge's inferences ar he usurped the magistrate's role. 8) Child #4
provider an objective disposal of the judge's hypotheris: the child war
not seen on the day in question ar a patient, the child's file had no entry
on the day in question, and the child's alleged complaint had no relevance
to medical file content. 9) Guilt war to be inferred upon the finding of an
absence of exculpatory evidence, a "prove a negative" approach.
(b) If you did not exhaust your state remedier on Ground Sixteen explain why:


(c) Direct Appeal of Ground Sixteen
(1) If you appealed from the judgement of conviction, did you raise this issue?
     (ineffectively raised)                                    ☑ Yes   ☐ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings (certain aspects)
(1) Did you raise this issue through a port-conviction motion or petition for habeas
corpus in a state trial court?                                 ☑ Yes   ☐ No
(2) If your answer to Question (d)(1) is "yes," state
Type of motion or petition "Rule 61" motion for port-conviction relief
Name and location of the court where the motion or petition war filed:
     The Superior Court in and for Sussex County
Docket or case number (if you know): Docket #136 in Superior Court
Date of court's decision: May 18 2017    (Docket #157 5/22/17)
Result (attach copy if available): Motion for Port-conviction Relief DENIED

(3) Did you receive a hearing on your motion or petition?      ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?  ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "yes," state did you raise this issue
in the appeal?                                                  ☑ Yes   ☐ No
(6) If your answer to Question (d)(4) is "yes," state:
Name and location of the court where the appeal war filed: The Supreme Court
     of Delaware 55 The Green Dover Delaware 19901
Docket or case number (if you know): No 221, 2017  Cr Id No. 0912011155
Date of court's decision: January 16, 2018
Result (attach copy if available): The Judgement of Superior Court AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why
you did not raise thir issue:

(e) Other Remedier: Describe any other procedurer (such ar habear corpus
administrative remedier, etc) that you have used to exhaust your state
remedier on Ground Sixteen:

GROUND SEVENTEEN BRADLEY'S 4TH AMENDMENT TO THE
U.S. CONSTITUTION RIGHTS WERE VIOLATED BY A GENERAL
SEARCH. BRADLEY WAS DENIED A FULL AND FAIR HEARING
AND ADJUDICATION WHEN THE COURTS ABUSED DISCRETION
AND FAILED TO PROVIDE EVEN A MINIMAL COLORABLE
APPLICATION OF THE CORRECT 4TH AMENDMENT CONSTITUTIONAL
STANDARD RESULTING IN A DECISION CONTRARY TO CLEARLY
ESTABLISHED FEDERAL LAW AS DETERMINED BY THE UNITED
STATES SUPREME COURT

(a) Supporting facts
1] The police ignored the warrant entering and searching buildings not
authorized, 2) No location was deemed off-limits and the search was
general. 3) Police exceeded the scope of the warrant opening a deleted
video file without plain-view justification. 4) The search in 2009
employed a methodology identical to the 2008 denied application
to search for child pornography. 5) Building B was obviously unrelated
to patient files or medical practice and was not probable cause
supported, had no nexus to patient files, was not particularly
described, and was not magistrate approved. 6) Neither the 2008 nor 2009
warrants contained any specific allegation that pictures or video had been
taken of the targeted patients. 7) Employees did not have access to Bld. B.
8) Detective Spillan did not know the 8 patient's names and was thus
unable to perform other than a general search. 9) The deleted video file
"september-30, 2009" did not have probable cause gleaned from the diary
format title, was not in plain sight, and was viewed far in excess of the
"immediately apparent" plain view standard. 10) The video file had no nexus
to patient files. 11) There was no support that pictures of patients would
assist in evidence of the crimes police were investigating. 12) There was
no connection between probable cause that a crime took place with any
place outside of the main office building. 13) Medical files were unlikely to
be found strewn unmarked and unorganized across a desk in a building
inaccessible to employees and with no trappings of a medical practice. 14) After
research of many scores of cases Bradley believes the volume and severity
of 4th Amendment infractions is unprecedented in history.

(b) If you did not exhaust your state remedies on Ground Seventeen explain why:

(c) Direct Appeal of Ground Seventeen
   (1) If you appealed from the judgement of conviction, did you raise this issue?
        (Ineffective assistance claim not raised)    ☒ Yes   ☐ No
   (2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings (Certain aspects)
   (1) Did you raise this issue through a post-conviction motion or petition for
   habeus corpus in a state trial court?  (Ineffective assistance)☒ Yes   ☐ No
   (2) If your answer to Question (d)(1) is "yes," state:
   Type of motion or petition "Rule 61" motion for post-conviction relief
   Name and location of the court where the motion or petition was filed:
   The Superior Court in and for Sussex County
   Docket or case number (if you know): Docket #136 in Superior Court
   Date of the court's decision: May 18, 2017  (Docket #157  5/22/17
   Result (attach a copy if available): Motion for Post-Conviction Relief DENIED

   (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
   (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
   (5) If your answer to Question (d)(4) is "yes," did you raise this issue in the appeal?
                                                          ☒ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "yes," state
   Name and location of the court where the appeal was filed: The Supreme Court
        of Delaware  55 The Green  Dover  Delaware  19901
   Docket or case number (if you know): No. 221, 2017 Cr. Id. No. 0912011155
   Date of court's decision: January 16, 2018
   Result (attach a copy if available): The judgement of Superior Court AFFIRMED

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you
   did not raise this issue:

(e) Other Remedies: Describe any other procedures that you have used to exhaust
   your state remedies on Ground Seventeen:

✎AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ■ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

*No*

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ■ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ■ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: Eugene Maurer Jr., Esq. 1201-A King Street, Wilmington, DE 19801
Point of legal contention - as the courts have deemed Mr Maurer as the family's
choice, Bradley then counters that he was constructively denied counsel.

(b) At arraignment and plea: Dean C. Johnson, Esq (now retired) 413 Pine Street,
Milton, DE 19968 ; and Stephanie Tranter, Esq. 14 The Circle,
2nd floor, Georgetown, DE 19947

(c) At trial: Dean C. Johnson, Esq
Stephanie Tranter, Esq

(d) At sentencing: Dean C. Johnson, Esq
Stephanie Tranter, Esq

(e) On appeal: Nicole M. Walker, Esq and Robert M. Goff, Jr, Esq.
both of 820 North French Street, Wilmington, DE 19801

(f) In any post-conviction proceeding: Patrick J. Collins, Esq, 716 North Tatnall Street,
Suite 300, Wilmington, DE 19801
Albert J. Roop, V, Esq, address unknown

(g) On appeal from any ruling against you in a post-conviction proceeding:
Patrick J. Collins, Esq, 716 North Tatnall Street, Suite 300, Wilmington, DE 19801
Albert J. Roop, V, Esq, withdrew without replacement, address unknown

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 12/04)

1) Statute of limitations began running :
   September 26, 2012   - Appeal mandate

2) When it was tolled :
   i Post-conviction relief motion filed : Feb 27 2013
                              decided : Jun 5, 2015

   ii Post-conviction relief appeal filed : Jun 12, 2015
                              decided : Mar 22, 2016
   iii Subsequent Post-conviction relief filed : Mar 9, 2016
                              decided : May 23, 2017
   iv Subsequent Post-conviction appeal filed : Jun 12, 2017
                              decided : Jan 16, 2018
3) When it ends : 171 days exhausted, thus
   remaining is 194 days (365 - 171 = 194)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *release from custody.*
*Those constitutional violations which are structural, including*
*deprivation of choice of counsel and biased trial judge,*
*preclude retrial, Other constitutional deprivations may warrant*
*retrial,*
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on *Jan 25 2018* (month, date, year).

Executed (signed) on *Jan 25 2018* (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *

Earl Bradley CJIS # 415266
Cheshire Correctional Institution
900 Highland Ave
Cheshire CT 06410

FILED

JAN 3  2018

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Clerk of Court
U.S. District Court
844 King Street
Lock Box 18
Wilmington, DE
19801

Legal Mail



U.S. POSTAGE >> PITNEY BOWES

$ 007.15⁰

ZIP 06410
02 1W
0001401212 JAN 26 2018



