UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

EARL BRADLEY
Plaintiff

v.

Case No. ( 18 - 174 )

STATE OF DELAWARE
Defendant

FILED
FEB 20 2018
U.S DISTRICT COURT
DISTRICT OF DELAWARE

PROACTIVE MOTION FOR FEDERAL CONSIDERATION OF THOSE CERTAIN CLAIMS WHICH THE STATE HAS DEEMED PROCEDURALLY BARRED CONSIDERATION IS PROPER IN THE THIRD CIRCUIT CITING COX v HORN 757 F.3d 113 (2014) AND THE U.S. SUPREME COURT IN MARTINEZ v RYAN

FOUNDATION

1. The arguments herein have been presented to the highest state court and therefore having been exhausted.
2. A federal habeas petition has been filed in which certain (but not all) claims are deemed by the state to be procedurally barred.
3. Special and unique circumstances may exist for each claim deemed by the state as procedurally barred, but for clarity and simplification this motion will focus upon the trial counsel's ineffective assistance with regard to Doe v. Groody / Groh v. Ramirez
4. AEDPA Standards are met in this motion; unreasonable applications of clearly established Federal law as determined by the U.S. Supreme Court are involved, citing this Court in Groh v. Ramirez and Martinez v. Ryan.
5. In this motion Petitioner makes a showing of legitimate cause for the default and that prejudice resulted.

## FACTUAL BACKGROUND

6. Bradley filed a timely pro se Post conviction Relief motion on February 27th 2013.
7. Counsel was unsolicited but nevertheless appointed (Patrick Collins Esq and Albert Roop Esq)
8. Appointed counsel expressed concern regarding multiple claims to be neglected or redacted, but guaranteed that any claims not represented due to counsel's ineffectiveness would be preserved.
9. Counsel cited Guy v. State of Delaware and wrote to Judge Carpenter with regard to such reliance.
10. Bradley made a decision to use appointed counsel, but clearly contingent upon those claims offered and preservation of those claims redacted (should they later be determined to be of merit but dropped due to ineffective representation).
11. During the appeal phase Bradley discovered that Albert Roop had withdrawn without notice or replacement and that Patrick Collins had dropped a claim, breaching our fundamental agreement in that the dropped claim was critical to Bradley's compromise whereby other pro se claims were sacrificed.
12. Bradley alleged ineffective assistance and that Patrick Collins had violated rules of professional conduct.
13. Bradley attempted to terminate the Patrick Collins representation and proceed pro se, but the Supreme Court forced continuation with Collins.
14. A "Rule 61" change was effected during the Patrick Collins representation, Rule 61(d)(2) June 1, 2015 (Also June 4, 2014)
15. Patrick Collins continued to maintain that preservation of claims was protected under Guy v State, well past the June 1, 2015 rule change and through to appeal decision March 22, 2016.
16. Bradley filed a subsequent pro se Rule 61 Post-Conviction Relief petition, but this was denied largely pursuant to Rule 61(d)(2).
17. Coler v. State of DE 2017 WL 3259697 was cited as a case providing precedent undermining reliance upon Guy v. State. A June of 2014 Rule 61(d)(2) was at issue. A fundamental contrast exists. Coler filed his 1° Rule 61 September 2014 after the June 2014 change. Bradley filed his 1° Rule 61 May 2014 before the June 2014 change. It is fundamentally unfair that Bradley should be held accountable in May for a change not effected until June, a standard whereby Bradley was presumed clairvoyant or omniscient. Grandfathering is the only fair remedy.
18. In the primary Rule 61 Bradley requested a hearing in order to develop the factual record but was denied.
19. The Rule 61 change was not enacted by the legislative body but rather was an activistic judicial creation antithetical to the U.S. Supreme Court principles expressed in Martinez v. Ryan.

## LEGAL CONSIDERATIONS

20. "In a case such as Guy's, however, in which Superior Court appointed counsel to represent him in his first postconviction proceeding, a defendant's first chance to raise a claim that appointed postconviction was constitutionally ineffective will not occur until the defendant has the opportunity to pursue a second postconviction motion." Guy v. State 82 A.3d 710 (Del. 2013)

21. <u>COX v HORN 757 F.3d 113 (2014 3rd Cir)</u>
"[2] Habeas petitioner may obtain federal review of procedurally defaulted claim if he demonstrates cause for default and prejudice arising from violation of federal law."
"[3] Where state law requires prisoner to raise claims of ineffective assistance of trial counsel in collateral proceeding, rather than on direct review, procedural default of those claims will not bar their review by federal habeas court if (1) [of 3] default was caused by ineffective assistance of post-conviction counsel or absence of counsel."
"In 2012 - Martinez v. Ryan - which announced an exception to longstanding precedent and found that, under certain circumstances, and for purposes of habeas review, post-conviction counsel's failure to raise ineffective assistance of trial counsel claims could excuse a procedural default of those claims."
"The Court adopted this 'equitable ruling' for several reasons. First, 'the right to effective assistance of counsel at trial is a bedrock principle in our justice system' vital to ensuring the fairness of an adversarial trial. Second, a prisoner cannot realistically vindicate that right through a claim of ineffective assistance of trial counsel without 'an effective attorney' to aid in the investigation and presentation of the claim. Finally, if the lack of effective counsel in an initial-review collateral proceeding could not excuse the federal procedural default bar, no - court - state or federal - would ever review the defendant's ineffective assistance claims, given that they were first brought in that collateral proceeding."
"The rule adopted in Martinez was also important, crafted, as it was, to ensure that fundamental constitutional claims receive review by at least one court."

22. <u>DAVILA v DAVIS 137 S.Ct 2058 (2017)</u>
"A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'"

(Citing Wainwright v. Sykes 433 U.S. 72, 84, 97 S.ct (1977))
"To establish 'cause'... the prisoner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule'" (citing Murray v. Carrier 477 U.S. 478 (1986))
"A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner." (Citing Coleman 111 S.ct)
"An error amounting to constitutionally ineffective assistance is 'imputed to the state' and is therefore external to the prisoner." (Citing Murray, supra at 488, 106 S.ct 2639)

## MODEL ISSUE — GROUND THIRTEEN

23. "For purpose of determining whether ineffectiveness of counsel prejudiced defense, 'prejudice' is defined as reasonable probability that result would have been different but for unprofessional errors." Deputy v. Taylor 19 F.3d 1485 (3rd Cir 1994)

24. "While the claimed 4th Amendment violation must be proven as an element of the 6th Amendment claim, 'the two claims have separate identities and reflect different constitutional values.'" Gilmore v. Marks 799 F.2d 51

25. U.S. v. Graves F.Supp 2d 2013 WL 3215171 has on-point relevance. The court ordered briefing addressing the decisions in Groh v. Ramirez and Doe v. Groody. "Had defense counsel moved to suppress the evidence because the search warrants did not identify or incorporate by reference the items to be seized, that motion would have been granted."

26. In Bradley, whether by gross incompetence, gross negligence, or deliberate collusion, trial/appellate/PCR counsels were complicit allowing the courts to rely fundamentally upon Doe v. Groody — but clandestinely upon the DISSENT opinion.

27. In Bradley, NO outbuilding — white, checkerboard, or otherwise — was listed within Doe v. Groody standards. The defense acquiesced to the Judge's fundamental error in law, arguing "white" versus "checkerboard" at a time when the correct citing of Doe v. Groody would have been dispository, winning suppression.

28. Should the federal court neglect this fundamental claim under the state's guise of procedural default, against the U.S. Supreme Court's "chief concern" in Martinez, "a substantial claim of trial error might never be reviewed by any court," depriving Bradley of "a bedrock principle in our justice system."

## FUNDAMENTAL UNFAIRNESS OF RULE 61

29. Rule 61(d)(2) was created by the Delaware Supreme Court despite fundamental conflict with a principle so well understood by that Court in Guy v. State (see no. 20 above), as well as in conflict with their responsibility to promote federal law as determined by the U.S. Supreme Court in Martinez v. Ryan.

30. It seems that the DE S. Ct disingenuously feigns their "hands being tied" by a procedural bar as though being a victim of circumstance. The circumstance, however, was one which the Court itself created.

31. The inescapable corollary of Rule 61(d)(2) is that typical "Martinez" issues must by necessity be punted to federal courts.

32. Discovery or allegations of ineffective post-conviction counsel would not typically materialize until <u>after</u> the first PCR motion and are thus procedurally barred in Delaware by design.

33. Bradley's assertion that the State deferred any decision regarding Martinez rights or vetting of ineffective PCR counsel to federal court is objectively apparent. First - the record shows that Bradley had motioned for "Acquisition of Affidavit from Patric Collins, Esq." on 6/8/2017, but was denied - depriving Bradley of the ability to expand the factual record and depriving Mr. Collins of the chance to defend his actions. Second - the language of the DE Supreme Court in its January 16, 2018 decision is clear and unambiguous: "Contrary to the appellant's contentions, his ineffective assistance of postconviction counsel claims were subject to the requirements of Superior Court Criminal Rule 61(d)(2)."

---

34. In the 1° PCR process the judge was put on notice regarding counsel's intentions with counsel's intent seeking agreement and affirmation obvious. The judge thus became an informed implicit accomplice in a process leading to a demise of Bradley's fundamental constitutional rights. (*Copy of Jan 9, 2014 Collins letter to judge attached)

35. The substance of Guy v. State made the prospect of the later Rule 61 change both unlikely and counterintuitive - thus unforeseeable.

36. This Court should demand a straightforward and honest response from the state attorney. The attorney should welcome, and

in the interest of justice, not be obstructive to, a truth finding process through federal investigation.

This motion is prepared and submitted pro se and the Court's patience and allowance, unintentional error likely, would be appreciated.

I declare under penalty of perjury that the foregoing is true and correct and that this Motion was placed in the prison mailing system on February 14, 2018.

Executed (signed) on February 14 2018.

Earl Bradley
Signature of Movant

Certification of copy to Respondent's counsel attached

# COLLINS & ROOP
## ATTORNEYS
*Patrick J. Collins | Albert J. Roop, V*

January 9, 2014

The Honorable William C. Carpenter, Jr.
Superior Court of Delaware
New Castle County Courthouse
500 North King Street, Suite 10400
Wilmington, DE 19801

    RE:  **State v. Earl Bradley**
          **ID No. 0912011155**

Dear Judge Carpenter,

    I am writing to update the Court and counsel regarding this postconviction matter.

    At our office conference on December 23, 2013, I advised the Court that we would be filing some claims on Mr. Bradley's behalf, but not all the claims he presented *pro se* in his initial Motion for Postconviction Relief. This is a rather gray area in Rule 61. If we were to file a motion to withdraw, Mr. Bradley could then file his own Points for Consideration along with our motion, opening the door for him to litigate and preserve all his claims. But because we are filing an Amended Motion, albeit lacking some of Mr. Bradley's *pro se* claims, he does not, under the rule, have the opportunity to supplement our filing.

    The issue was made less gray and more black and white by the recent Supreme Court decision in *Tyrone Guy v. State*, No. 400, 2013, which clearly provides the Petitioner with the opportunity and a time frame for filing a Rule 61 motion against postconviction counsel. That would give Mr. Bradley the chance to allege we were ineffective for not submitting all his claims. On the other hand, Mr. Bradley could decide to ask us to withdraw so he can file all his claims in the first instance. The Court decided not to permit what Ms. McFarlan termed a

"hybrid" filing as was permitted in the recent case of *Lamont Norman v. State,* No. 155, 2013. We agree that a hybrid amended motion of represented and unrepresented claims does not comport with the amended Rule 61 as clarified by the *Guy* opinion. As such, it was decided at our office conference that the deadline for a submission would be extended from January 9, 2014 to February 9, 2014 in order to give Mr. Bradley a chance to consider his options.

We have sent Mr. Bradley our Amended Motion along with an explanatory letter and supporting case law. By the deadline of February 9, 2014, we will then file and serve our submission to the Court.

We are available should Your Honor have any questions.

Respectfully,

Patrick J. Collins

PJC/jra
cc: Superior Court Criminal Prothonotary
    Elizabeth McFarlan, Esquire
    Albert J. Roop, V
    Earl Bradley

I hereby certify that on this 14 day of February, 2018, a copy of the foregoing motion/document was mailed (placed in counselor's care for mailing) to the following Respondent's counsel at the following address:

Elizabeth R. McFarlan
Chief of Appeals
ID 3759
Department of Justice
820 N. French Street
Wilmington, DE 19801

*Earl Bradley*
Earl Bradley

radley CJIS # 415266
orrectional Institution
hland Ave
e CT 06410



Clerk, United States District Court
for Delaware
844 King Street   Lock Box 18
Wilmington, Delaware
19801

Legal Mail

Earl Bradley CTIS # 413666
Cheshire Correctional Institution
900 Highland Ave
Cheshire CT 06410

Legal Mail

Clerk, United States District Court
for Delaware
844 King Street  Lock Box 18
Wilmington, Delaware
19801