UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE


FILED
MAY -9 2018
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

EARL BRADLEY
  Plaintiff

V.                              Case No. 1:18-cv-00174-LPS

STATE OF DELAWARE
  Defendant

MOTION FOR EVIDENTIARY HEARING TO CORRECT THE CRITICAL FACTUAL RECORD DEFICIENCY FOR WHICH THE STATE IS RESPONSIBLE

Bradley was denied the court-appointed counsel's request for an evidentiary hearing. Moreover counsel was denied the reasonable request for an affidavit from Eugene Maurer Jr. Esq which would be critical in the support and determination of structural error. The rationale for this affidavit denial was antithetic to the rationale later used in the courts' opinions. In subsequent PCR proceedings, pro se, Bradley was denied an affidavit from PCR counsel which would be critical to the determination of ineffective assistance.

### STANDARD FOR REVIEW, THIRD CIRCUIT

"[4] A habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously; its the policy of the courts to give a liberal construction to pro se habeas petitions."
    Rainey v. Varner 603 F.3d 189 (3rd cir 2010)

## FACTUAL BACKGROUND

1. Erroneous state action (whereby Bradley's assets were frozen based upon an unsubstantiated racketeering allegation) caused Bradley to lose his chosen private attorney, Eugene Maurer Jr., Esq..

2. Patrick Collins, Esq., the court appointed PCR attorney, raised this ground, citing the U.S. Supreme Court which had determined that such an error was structural and not subject to harmless error review.

3. Mr. Collins sought an evidentiary hearing but was denied.

4. Mr. Collins requested that the court be provided an affidavit from Mr. Maurer, but this too was denied.

5. The judicial letter refusing procurement of the affidavit contained a concession which fundamentally obviated the urgency for obtaining the affidavit, appeasing Bradley counsel, counsel only to be blindsided by an antithetic stance in the opinion denying relief. (February 13, 2015 letter of Judge Carpenter attached, includes "... and the court doubts if there is any dispute that Mr. Maurer would have continued to represent Mr. Bradley if appropriate financial arrangements were able to be made.")

6. The opinion denying relief was not factually supported but rather relied upon the judge's speculation. Moreover the opinion was contrary to, and an unreasonable application of, federal law as determined by the U.S. Supreme Court.

7. Judge Carpenter's opinion includes significant errors as well as a prima facie contradiction - invalidating his conclusions. (see below)

8. In the opinion denying relief available facts supportive of Bradley's argument were omitted. Inconvenient truths antagonistic to the biased judge's agenda were simply disregarded.

9. The corollary of Judge Carpenter's contention that Mr. Maurer was not Bradley's attorney but his family's is that Bradley had no representation at critical junctures in the trial process, this itself an alternative structural infraction.

# PERTINENT LEGAL EXTRACTIONS/CITATIONS

## Townsend v. Sain 372 U.S. 293 (1963)

10. [12] Federal court on habeas corpus must hold evidentiary hearing if applicant did not receive full and fair evidentiary hearing in state court, either at time of trial or in collateral proceeding

11. [13] Federal court must grant evidentiary hearing to habeas corpus applicant if (1) merits of factual dispute were not resolved in state hearing [saliently applys in Bradley]; (2) state factual determination is not fairly supported by record as a whole [also keenly relevant in Bradley]; (3) fact finding procedure in state court was not adequate to afford full and fair hearing [in Bradley the judge avoided a legitimate fact finding process, likely afraid Mr. Maurer's affidavit would legitimize Bradley's claim]; (4) ...; (5) material facts were not adequately developed at state court hearing, or; (6) for any reason it appears that state trier of fact did not afford applicant full and fair fact hearing.

12. [16] If it is unclear whether state finder of facts applied correct constitutional standards in disposing of constitutional claim federal district court must hold hearing, ...

13. [18] If statements of state trier of fact do no more than create doubt as to whether correct standard of law was applied, federal district court on habeas corpus must hold hearing to determine constitutional issue. [clearly in Bradley, Judge Carpenter's opinion generates doubt]

14. [20] If federal court on habeas corpus cannot exclude possibility that trial judge believed facts which showed deprivation of constitutional rights and yet concluded that relief should be denied, hearing must be held.

15. [23] Even where procedure employed does not violate constitution, if it appears to be seriously inadequate for ascertainment of truth, it is federal judge's duty on habeas corpus to disregard state findings and take evidence anew. [In Judge Carpenter's own opinion context, placing a most heavy reliance upon Mr. Maurer's intent and mindset, it is more than ironic but inexcusable that a key clarification through affidavit would be bypassed, especially in light of this bypass in the first instance was predicated upon clear understanding and acceptance that Mr. Maurer was in fact Bradley's legal representative].

16. [28] If, for any reason not attributable to inexcusable neglect of habeas corpus petitioner, evidence crucial to adequate consideration claim was not developed at state hearing, federal hearing is compelled.

17. "There can not even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant." [Judge Carpenter ignored the defendant supplied facts and supplanted them with his own convenient speculations.]

18. "This court has consistently held that state factual determinations not fairly supported by the record can not be conclusive of federal rights." [Arguendo, if Mr. Maurer indeed was not Bradley attorney choice, such notion is not supported by the record.]

### Deputy v. Taylor 1993 WL 643 368 (D. Del)

19. "Furthermore, under federal habeas review, the court is bound by the underlying factual findings of the state court IF adequately supported by the record" [Precisely Bradley's contention is that no such support exists, hence the need for an evidentiary hearing.]

20. This case enumerates "eight exceptions" to the presumption of state correctness, several with on-point relevance in Bradley.

21. "Petitioner was denied due process when the Delaware Supreme Court, in upholding Petitioner's conviction: (a) relied on evidence not in the record, (b) ..."

### Matter of Rowe 566 A. 2d 1001 (1989)

22. "Any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's 'impartiality might reasonably be questioned' is a basis for the judge's disqualification"

[The vetting of Judge Carpenter's handling of the deprived choice of attorney ground is pertinent to the biased judge ground]

### Branch v. Sweeney 758 F.3d 226 (3rd cir 2014)

23. "..., 'the decisions of the State courts were not based on an unreasonable determination of the facts based on the evidence presented to them.'" [Clearly this Strickland standard is a violation in Bradley]

24. "We are satisfied from our review of the case that the District Court, when reviewing Branch's ineffective assistance of counsel claim, should have conducted an evidentiary hearing and that it abused its discretion when it failed to do so."

25. "But that prohibition does not apply in this case because Branch [as did Bradley] unsuccessfully sought an evidentiary hearing in the PCR court and unsuccessfully appealed from the denial of his PCR petition." "We therefore can not attribute the incomplete developments of all the facts to Branch's [Bradley's] lack of diligence, or some greater fault."

### Issues to be Reconciled

Judge Carpenter's opinion denying PCR relief is impeached by his own contradictions, redactions, and inconsistencies. The judge cites the Mr. Maurer letter to President Judge Vaughn as though it be of sufficient merit as to be dispositive and controlling. I believe the District Court's duty is to determine whether or not the relied upon Mr. Maurer letter is sufficient to support factual conclusions drawn by Judge Carpenter. A number of issues need to be reconciled if the judge is to be assigned credibility, including:

26. Judge Carpenter wrote: "Mr. Maurer entered his appearance for the limited purpose of the preliminary hearing held on January 14, 2010. On March 4, 2010, Mr. Maurer sent President Judge Vaughn a letter stating his reasons for failing to formally enter his appearance at arraignment."

The prima facie contradiction is that had Mr Maurer concluded his representation after his "limited purpose" of January 14, 2010 he would not be writing

the subsequent letter to Judge Vaughn on March 4th. The temporal implication was that Mr. Maurer was providing reasons for having in the past failed to formally enter his appearance, thus explaining an already severed relationship. In fact an honest reflection would be a tense of future subjunctive — reasons for why Mr Maurer _may_ not at the later date enter his appearance. Judge Carpenter's carefully crafted subterfuge bastardized the syntax which is clear when the actual letter is read.

27. The judge wrote: "It would SEEM to the Court from this letter that Petitioner himself had not hired Mr. Maurer as counsel, nor is there any indication that Mr Maurer was Petitioner's chosen counsel. Mr Maurer's representation APPEARS to have been limited to advising the family as to the merits of the case and the funds that would be needed to provide a defense." Judge Carpenter's subjective speculation unsupported by the actual facts is an attempt to revisionally support his foregone conclusion and supplant truth with created "facts."

28. In the opinion Judge Carpenter pays lip service to "structural error," but proceeds to minimize Mr. Maurer's role and importance to Bradley's defense, attempting to quantify that which by definition is unquantifiable. The judge provides the "alternate universe" which was forewarned by the Supreme Court regarding structural error.

29. Speculation over the possibility that Mr. Maurer ceased to represent Bradley is unwarranted. Mr Maurer wrote: "I would be willing to continue [not reinstate] with this representation as part of a court appointment..." Clearly the representation had not yet been disengaged.

30. Mr. Maurer would not be so bold and presumptuous as to recommend himself to the President Judge to initiate Bradley representation if he indeed represented and was endorsed by Bradley's family alone. Moreover representation of Bradley himself is made clear by Mr. Maurer's own words: "not necessarily want to 'jump ship.'"

Bradley contends that he was victim to two structural errors, denial of attorney choice due to erroneous state action, and being tried by a biased judge. Bradley respectfully requests an evidentiary hearing particularly with regard to the structural errors but with the realization that other grounds may warrant a hearing

Should an evidentiary hearing be granted it would only be safe for Bradley to participate via "video court" as his life is threatened in Delaware.

Attached: six page appendix

I declare under penalty of perjury that the foregoing is true and correct and that this Motion was placed in the prison mailing system on May ____, 2018.

Executed (signed) on May 3, 2018

_____
Signature of Movant

Certification of copy to Respondent's counsel attached

None of Mr. Bradley's indicted charges amount to racketeering violations. Mr. Bradley was never criminally charged with any racketeering activities. Simply put, probable cause to charge Mr. Bradley with rape, sexual exploitation, unlawful sexual contact, assault, or sexual abuse does not amount to probable cause to seize his assets. The State's assertion that Mr. Bradley has failed to challenge probable cause to seize his assets, thereby waiving this claim, has no basis in law.

### D. Mr. Maurer was Mr. Bradley's Representative.

The State seems to deny that Mr. Bradley had procured Mr. Maurer as his representative. This assertion is without merit. Mr. Bradley has demonstrated evidence of Mr. Maurer's representation in his Second Amended Motion for Postconviction Relief[15] and seeks an evidentiary hearing on the issue. The State's apparent claim that Mr. Maurer did not represent Mr. Bradley because Mr. Bradley's family may have been in contact with Mr. Maurer has no basis. It is very common for family members to arrange for counsel to be hired; there exists no distinction between that scenario and the defendant hiring counsel himself. In any event, Mr. Maurer took specific action that only counsel for defendant would take, including corresponding with his client and the Court and reviewing video evidence in the case.

---

[15] Motion at 5-7.

Mr. Bradley requested an evidentiary hearing to flesh out the factual issues surrounding Mr. Bradley's claim. In addition, Mr. Bradley made efforts to create a factual record by requesting leave of the Superior Court to request an Affidavit of Mr. Maurer, which was denied by the Superior Court.[39] An evidentiary hearing would have provided the Court with specific information surrounding Mr. Bradley's assets, his ability to hire Mr. Maurer for the remainder of his case, his inability to continue with Mr. Maurer after his assets were frozen, and issues surrounding the timing and filing of the Racketeering suit and Lien. Without an evidentiary hearing, the Superior Court lacked a factual record sufficient to properly evaluate Mr. Bradley's claim.

Mr. Bradley suffered prejudice from the Court's inaccurate interpretation of the law and improper holding that the State's third party action does not constitute a structural error in depriving of Mr. Bradley of his right to counsel. Therefore, the Superior Court's denial of Mr. Bradley's postconviction claim should be reversed. Alternatively, the Mr. Bradley requests that the claim be remanded to Superior Court for an evidentiary hearing regarding Mr. Bradley's assets prior to the Racketeering Lien.

---

[39] A433. The State opposed the request citing relevance. A 436. The Superior Court ultimately denied Mr. Bradley's request, stating that Mr. Maurer's conduct was not subject to the Rule 61 motion and that the Court doubted that there was any dispute that Mr. Maurer would have continued to represent Mr. Bradley had appropriate financial arrangements been made. A437.

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.

JUDGE

NEW CASTLE COUNTY
COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0670

February 13, 2015

Elizabeth McFarlan, Esquire
Department of Justice
820 N. French Street
Wilmington, DE 19801

Patrick Collins, Esquire
Collins & Roop
8 East 13th Street
Wilmington, DE 19801

RE: State v. Earl B. Bradley
ID No. 0912011155

Dear Counsel:

While the Court appreciates Mr. Collins' suggestion that Mr. Maurer file an affidavit in the above-captioned matter, the Court does not believe, at least at this juncture, that it is necessary. There is no suggestion by any party that Mr. Maurer's actions are the subject of the Rule 61 petition, and the Court doubts if there is any dispute that Mr. Maurer would have continued to represent Mr. Bradley if appropriate financial arrangements were able to be made.

As a result, we will proceed at this moment without an affidavit from Mr. Maurer.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp
cc: Prothonotary

# COLLINS & ROOP
## ATTORNEYS
*Patrick J. Collins | Albert J. Roop, V*

January 15, 2015

The Honorable William C. Carpenter, Jr.
Superior Court of Delaware
New Castle County Courthouse
500 North King Street, Suite 10400
Wilmington, DE 19801

    **RE: State v. Earl Bradley**
         **ID No. 0912011155**

Dear Judge Carpenter,

    Pending before the Court is Mr. Bradley's Second Amended Motion for Postconviction Relief and application for an evidentiary hearing. All counsel have provided affidavits.

    It occurs to me that it may be helpful to the Court and the parties if Mr. Maurer were asked to submit an affidavit with respect to Claim I, in which we allege that Mr. Bradley was deprived of his right to choice of counsel. Such an affidavit may illuminate certain details and assist the Court in determining whether to grant an evidentiary hearing on this claim.

    I appreciate the Court's consideration of this request.

                                    Respectfully,

                                    Patrick J. Collins

716 North Tatnall Street, Suite 300, Wilmington, DE 19801 | Tel: (302) 655-4600 | Fax: (302) 655-4622
*www.collinsroop.com*

# EUGENE J. MAURER, JR., P.A.
ATTORNEYS AT LAW
1201-A KING STREET
WILMINGTON, DELAWARE 19801

(302) 652-7900
FAX (302) 652-2173
EMAIL emaurer1@verizon.net

March 4, 2010

The Honorable James T. Vaughn, Jr.
President Judge
Kent County Courthouse
38 The Green
Dover, DE 19901

      Re: **State of Delaware v. Earl Bradley, I.D. #0912011155**

Dear President Judge Vaughn:

      Since you are "babysitting" the above case for the time being, I thought it best to forward this correspondence to you. I am not forwarding a copy of this letter to the State since it involves only matters of representation and does not involve any substantive matters with regard to the prosecution itself.

      As part of Dr. Bradley's potential defense, I have been contacting various mental health experts around the country who specialize in cases of this nature. With limited success, I have spoken to a couple of individuals who have not agreed to evaluate the doctor but have agreed to provide me with leads as to other individuals who might be willing to do so. Suffice it to say, I have been given protocols regarding the fee structures of these individuals and they are substantial to say the least.

      I was initially hired by a member of Dr. Bradley's family to evaluate the case for them so that they could make a determination as to whether they should fund a defense in the case. I am getting the sense at this point in time that they are not inclined to come forward with the funds necessary to secure the mental health evaluations which must be done as part of any "due diligence" in representing this defendant. That being the case, and given the state of the law in this jurisdiction, I cannot represent Dr. Bradley privately and request that the court fund expert witness evaluations.

      Although as the court knows I am a private defense attorney, I would be willing to continue with this representation as part of a court appointment so that the funds necessary for the mental health evaluations could be made available. I could probably simply either move to withdraw at this time or not enter my appearance at arraignment and accomplish the same effect.

However, I have started out with this case and do not necessarily want to "jump ship" simply because it is a highly unpopular representation. Indeed, I have been the subject of numerous hateful communications from the general public surrounding my representation of Dr. Bradley.

When I defended an individual by the name of Steven Pennell who was a serial murder in New Castle County several years ago, the court did appoint me to represent him at a minimal rate. I would be wiling to continue with this representation if such an arrangement could be reached. Otherwise, as noted above, I cannot represent the defendant privately and seek public funds for the evaluation and am certainly not in a position to fund these evaluations myself.*

I did want to bring these matters to the court's attention as early as possible since, if there is going to be a change of counsel, it should happen sooner rather than later. I will await guidance from the court.

Thank you for your consideration.

Respectfully yours,

Eugene J. Maurer, Jr.

EJM:sam

Cc: Dr. Bradley

*The State, it should be noted, has taken steps to "freeze" Dr. Bradley's assets so there are no funds available from that source.

I hereby certify that on this ___3___ day of ___May___, 2018, a copy of the foregoing Motion / document was mailed (placed in counselor's care for mailing) to the following Respondent's counsel at the following address:

Elizabeth R. McFarlan
Chief of Appeals
ID 3759
Department of Justice
820 N. French Street
Wilmington, DE 19801

_____
Earl Bradley

Earl Bradley CJIS # 413266
Cheshire Correctional Institution
900 Highland Ave.
Cheshire CT 06410

United States District Court
for Delaware

844 King Street
Wilmington, DE 19801

Legal Mail

dley CJIS # 415266
Correctional Institution
hland Ave.
e CT 06410

U.S.M.S.
X-RAY

NEOPOST
05/07/2018
US POSTAGE $002.47⁰
FIRST-CLASS MAIL
ZIP 06410
041M11291826

United States District Court
for Delaware

844 King Street
Wilmington, DE 19801

nal mail