IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EARL BRADLEY, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 18-174-LPS |
| | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondent. | : |

**MEMORANDUM ORDER**

At Wilmington this 28th day of December, 2021;

1. On November 12, 2020, the Court denied Petitioner Earl Bradley's Petition for Writ of Habeas Corpus Filed Pursuant to 28 U.S.C. § 2254. (D.I. 27; D.I. 28)

2. On December 4, 2020, Petitioner filed in this Court a document titled "Motion for Extension of Time to File Objections and Request for Articulation Motions" (D.I. 29) and a document titled "Motion for Reconsideration of Denial of Certificate of Appealability and Motion for Extension of Time to File Issues on Which COA is Being Sought and Argument" (D.I. 30). Neither of these Motions contains substantive arguments.

3. Also on December 4, 2020, Petitioner filed in this Court a Notice of Appeal to the Third Circuit concerning the November 12, 2020 denial of his § 2254 Petition. (D.I. 31)

4. On December 11, 2020, the Third Circuit Court of Appeals issued an Order staying Petitioner's appeal until this Court's disposition of "a timely post-decision motion of the type specified by Fed. R. App. P. 4(a)(4)." (D.I 33)

5. On December 14, 2020, Petitioner filed in this Court a "Motion to Enter Correction and Further Clarifications Regarding the Motion of 12/4/20." (D.I. 34) The Motion is captioned for

the Court of Appeals for the Third Circuit and asserts that his Fourth Amendment claims were improperly denied. (D.I 34 at 1-7) The Motion to Enter Correction alternatively requests a certificate of appealability with respect to the Fourth Amendment claims that were denied. (D.I. 34 at 7)

6. On December 16, 2020, Petitioner filed in this Court a "Motion for Certificate of Appealability and Statement of Reasons Why A Certificate Should Issue." (D.I. 35) The Motion for Certificate of Appealability is captioned for the Court of Appeals for the Third Circuit, and asserts that this Court erred in declining to issue a certificate of appealability with respect to the denial of the following three arguments that were presented in Petitioner's habeas Petition: (1) Petitioner was denied his Sixth Amendment right to choice of counsel; (2) the trial court erroneously relied on information from outside the "four corners" of the affidavit/warrant, and defense counsel provided ineffective assistance by failing to present this argument during Petitioner's criminal proceeding; and (3) Petitioner's Fourth Amendment arguments are not precluded by *Stone v. Powell*. (D.I. 35 at 2)

7. On January 29, 2021, Petitioner filed in this Court a document titled "Motion for Withdrawal or Cancellation of Motion for Extension of Time Filed on December 4, 2020." (D.I. 37) In the "Motion for Withdrawal or Cancellation" Petitioner states: (a) he mistakenly believed he had to file objections and a request for articulation; (b) "They will not be filed, thus [the] extension of time is moot"; and (c) "At this time Petitioner should have no motions pending in [the] District Court." (D.I. 37)

8. Given Petitioner's statement that there should be no motions pending in the District Court, the Court construes the "Motion for Withdrawal or Cancellation" (D.I. 37) as Petitioner's request to withdraw all Motions then pending in this Court (other than the "Motion for Withdrawal

or Cancellation"), which are entered as the following docket items: D.I. 29; D.I. 30; D.I. 34; and D.I. 35.

9. The Court's interpretation of Petitioner's "Motion for Withdrawal or Cancellation" as a request to voluntarily withdraw the Motions presently pending in this Court is supported by a Status Report Petitioner filed on January 29, 2021 in his appeal pending before the Third Circuit. *See Bradley v. Warden*, C.A. No. 20-3456, at D.I. 11 (3d Cir. Jan. 29, 2021). In that Status Report, Petitioner asserts that: (a) the December 14, 2020 filing for "further clarification and certificate of appealability" was mistakenly entered in the District Court; (b) "As of this date no District Court business is pending"; and (c) "Today a motion to the District Court cancels the extension of time motion." *Id.*

THEREFORE, IT IS ORDERED that:

1. Petitioner's "Motion for Withdrawal or Cancellation of Motion for Extension of Time Filed on December 4, 2020," which the Court construes as a request to withdraw all Motions pending before the Court as of January 29, 2021, is **GRANTED**. (D.I. 37)

2. Based on the foregoing, the following Motions are **DISMISSED** as voluntarily withdrawn by Petitioner:

   a. "Motion for Extension of Time to File Objections and Request for Articulation Motions." (D.I. 29)

   b. "Motion for Reconsideration of Denial of Certificate of Appealability and Motion for Extension of Time to File Issues on Which COA is Being Sought and Argument." (D.I. 30)

   c. "Motion to Enter Correction and Further Clarifications Regarding the Motion of 12/4/20." (D.I. 34)

   d. "Motion for Certificate of Appealability and Statement of Reasons Why A Certificate Should Issue." (D.I. 35)

10. Subsequent to filing the Motion for Withdrawal or Cancellation, Petitioner filed additional motions in this Court. Specifically, on April 26, 2021, Petitioner filed a "Motion for District Court to Enter an Order Disposing of Any Remaining Rule 4(a)(4) Motions." (D.I. 40) In light of the Court's ruling above, granting the Motion for Withdrawal or Cancellation, the April 26 motion (D.I. 40) is **DENIED AS MOOT**.

11. On June 21, 2021, Petitioner filed a "Motion for Appointment of Counsel." (D.I. 43) In it, Petitioner writes: "This Motion seeks appointment of an attorney, but in the alternative this Motion should be dismissed along with any and all pending motions." (*Id.* at 1) As the Court is dismissing the other motions Petitioner seeks to dismiss, the Court likewise **DISMISSES** Petitioner's June 21 motion (D.I. 43).

12. Finally, on September 16, 2021, Petitioner filed a "Motion for this Court to Correct Its Breach of Judicial Code of Conduct." (D.I. 45) In this Motion, Petitioner alleges that the Court's delay in addressing his motions is a violation of various judicial canons. (*See id.*) As the Court has now ruled on all matters pending before it in this action, Petitioner's September 16 motion (D.I. 45) is **DENIED AS MOOT**.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4